IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RAYMOND D. WEBB,<br><br>    Plaintiffs,<br><br>v.<br><br>SN SERVICING CORPORATION and MADISON MANAGEMENT SERVICES, LLC,<br><br>    Defendants. | Case No. 2:20-cv-02217-TLP-cgc |

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COME NOW, SN Servicing Corporation ("SN") and Madison Management Services, LLC ("Madison") (collectively, the "Defendants") and file this Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

## **STATEMENT OF FACTS**

Plaintiff Raymond D. Webb ("Mr. Webb") filed a civil warrant against Defendants seeking damages for violations of the Fair Debt Collection Practices Act in the General Sessions Court of Shelby County, Tennessee, Case No. 2043956 (the "Action"). The full allegations against Defendants contained in the Action are as follows:

> Numerous violations of the Federal Fair Debt Collections Practices Act in connection with a Land Installment Contract for the real property known as 1839 Bismark Street, Memphis, Tennessee 38109. Plaintiff sees statutory damages not to exceed $24,999.99 for the unlawful collection of a debt not owed plus reasonable attorney fees, court costs, and any further relief that may be just and proper.

1

[Doc. 1-2] at p. 9. On March 25, 2020, Defendants removed the Action to this Court pursuant to 28 U.S.C. § 1331. [Doc. 1] at pg. 1.

## ARGUMENT AND CITATION OF AUTHORITY

A.   **STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

B.   **MR. WEBB HAS FAILED TO STATE A CLAIM UNDER THE FDCPA**

Mr. Webb alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* "for the unlawful collection of a debt not owed". [Doc 1-2] at pg. 9. "To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a 'debt.' Second, the collecting entity must qualify as a 'debt collector.' Third, a plaintiff must show that the debt collector violated a provision of the FDCPA." *Stamper v. Wilson & Assocs., P.L.L.C.*, No. 3:09-cv-270, 2010 WL 1408585, at *3

(E.D. Tenn. March 31, 2010). Under the FDCPA, an aggrieved plaintiff can recover "any actual damage sustained by such person as a result of such failure" to comply with the Act, and "in the case of any action by an individual, such damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)-(2)(A). The recovery of actual damages is not permitted unless a plaintiff sets forth sufficient allegations in their complaint supporting such damages. *Douglas v. Southstar Funding, LLC*, No. 1:18-CV-1802-MLB-JSA, 2018 WL 6136792, at *8 (N.D. Ga. Oct. 18, 2018) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)) (citations omitted). On the other hand, statutory damages (which cannot exceed $1,000) can be recovered without a showing of actual damages. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007).

Mr. Webb has failed in all respects to state a claim under the FDCPA. First, he did not allege that Defendants are debt collectors as defined by the FDCPA. To show that a defendant qualifies as a debt collector, facts must be pleaded, and conclusory allegations that a defendant is a debt collector are improper. *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 366 (6th Cir. 2012). Simply "label[ing] the [ ] Defendant[ ] as [a] debt collector[ ] . . . is plainly a legal conclusion that is not entitled to be credited as true on a motion to dismiss." *Id.* at 365-66 (citation omitted). Under the FDCPA,

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). Here, Mr. Webb does not even state in conclusory terms that either Defendant in a debt collection. This failure is fatal to his claim and it must be dismissed.

Second, he has failed to plead any facts showing that the money sought to be collected qualified as a "debt" under the FDCPA. A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The Plaintiff merely says that the alleged violations are "in connection with a Land Installment Contract" but does not plead any facts to show that this contract was "primarily for personal, family, or household purposes." This is another failure that is fatal to the claim.

Third, Mr. Webb has not shown that either Defendant violated a provision of the FDCPA. Rather, all he says is the Defendants engaged in "the unlawful collection of debt not owed". [Doc 1-2] at pg. 9. This statement is a "naked assertion [ ] devoid of further factual enhancement" that cannot be taken as true on a motion to dismiss. *Bridge*, 681 F.3d at 366 (quoting *Iqbal*, 129 S.Ct. at 1949). In short, Mr. Webb has alleged no *facts* whatsoever to show that Defendants qualify debt collectors, the money sought to be collected qualified as a debt, or that there has been any violation of the FDCPA. This case should be dismissed with prejudice.

## **CONCLUSION**

Based on the foregoing, SN and Madison respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 1st day of April 2020.

      */s/ Bret J. Chaness*
      BRET J. CHANESS (BPR # 31643)
      PATTY WHITEHEAD (BPR # 34488)
      **RUBIN LUBLIN, LLC**
      3145 Avalon Ridge Place, Suite 100
      Peachtree Corners, Georgia 30071
      (678) 281-2730 (Telephone)
      (404) 921-9016 (Facsimile)
      bchaness@rubinlublin.com

      *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have, this 1st day of April 2020, served all parties in this action by U.S. First Class Mail, addressed to the following:

Clifton Darnell
Law Office of Clifton Darnell
7500 Capital Drive
Germantown, TN 38138

                                          */s/ Bret J. Chaness*
                                          BRET J. CHANESS (BPR # 31643)