*Ex. 1A*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

**RAYMOND D. WEBB,**

       **Plaintiff,**

                              **Case No. 2:20-cv-02217-TLP-cgc**

**vs.**

**SN SERVICING CORPORATION and**
**MADISON MANAGEMENT SERVICES,**
**LLC,**

       **Defendants.**

---

### AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, Raymond D. Webb, by and through counsel and for its Amended Complaint would state as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.     This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.     Plaintiff Raymond D. Webb (hereinafter "Plaintiff") is a natural person who resides in Shelby County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.       Defendant SN Servicing Corporation (hereinafter "Defendant SN Servicing" is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit corporation organized in Alaska and is capable of being served through its registered agent, The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203-1312, or through its counsel of record, Bret J. Chaness and Patty Whitehead, Rubin Lublin TN, PLLC, 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia 30071.

6.       Defendant Madison Management Services, LLC (hereinafter "Defendant Madison Management") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a limited liability corporation organized in Nevada and is capable of being served through its registered agent, Incorp Services, Inc., 216 Centerview Drive, Suite 317, Brentwood, Tennessee 37027-3226, or through its counsel of record, Bret J. Chaness, Patty Whitehead, Rubin Lublin TN, PLLC, 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia 30071.

## FACTUAL ALLEGATIONS

7.       On or about July 31, 2008, Plaintiff entered into a Land Installment Contract with LWBR Limited Liability Company ("LWBR") to purchase the real property located at 1839 Bismark Street, Memphis, Tennessee 38109 for the price of $19,900.00, as well as a Promissory Note in favor of LWBR in conjunction with the aforementioned Land Installment Contract. A copy of the Land Installment Contract entered into between Plaintiff and LWBR which was recorded in the Shelby County Register's Office at Inst# 10055248 and the Promissory Note are attached hereto as collective Exhibit "A" and are incorporated by reference herein as if so stated verbatim.

8.       Plaintiff avers LWBR subsequently transferred the subject real estate to Home Solutions Partners IV REO, LLC ("Home Solutions") by deed recorded in the Shelby County Register's Office at Inst# 10047022 and also assigned the subject Land Installment Contract to Home

2

Solutions by assignment recorded at Inst# 17121920 in the Shelby County Register's Office. A copy of the aforementioned Deed and assignment are attached hereto as collective Exhibit "B" and are incorporated by reference herein as if so stated verbatim.

9.      Plaintiff avers Home Solutions subsequently transferred the subject real estate to Transportation Alliance Bank, Inc. ("Transportation Alliance") by deed recorded in the Shelby County Register's Office at Inst# 12065106 and also assigned the subject Land Installment Contract to Transportation Alliance by assignment recorded at Inst# 17121921 in the Shelby County Register's Office. A copy of the aforementioned Deed and assignment are attached hereto as collective Exhibit "C" and are incorporated by reference herein as if so stated verbatim.

10.     Plaintiff avers Transportation Alliance subsequently transferred the subject real estate to Home Opportunity, LLC ("Home Opportunity") by deed recorded in the Shelby County Register's Office at Inst# 13047599 and also assigned the subject Land Installment Contract to Home Opportunity by assignment recorded at Inst# 17121922 in the Shelby County Register's Office. A copy of the aforementioned Deed and assignment are attached hereto as collective Exhibit "D" and are incorporated by reference herein as if so stated verbatim.

11.     Plaintiff avers Home Opportunity is the current owner of the subject real property and owner of the subject Land Installment Contract.

12.     Plaintiff avers Home Opportunity, as principal, engaged its agents SN Servicing Corporation and Madison Management Services, LLC to service the subject Land Installment Contract by collecting payments and otherwise enforcing the default provisions of the contract.

13.     Plaintiff avers that in 2016 he filed a Chapter 13 bankruptcy petition in United States Bankruptcy Court Western District of Tennessee under Case No. 16-27279-GWE.

3

14.     Plaintiff avers that on or about December 18, 2017, Home Opportunity filed a Motion for Relief from Automatic Stay in which the Movant requested relief from the Bankruptcy Court to lift the automatic stay in order to proceed with an eviction action to take possession of the real property located at 1839 Bismark Street, Memphis, Tennessee 38109 that Plaintiff was in the process of purchasing pursuant to Exhibit "A".

15.     Plaintiff avers that on or about February 22, 2018, Plaintiff and the Movant, Home Opportunity, entered into an Agreed Order Modifying Automatic Stay which was entered by the Honorable George W. Emerson, Jr., United States Bankruptcy Judge. Pursuant to said Agreed Order, Home Opportunity and Plaintiff agreed that no deficiency balance would be sought by Home Opportunity. Attached hereto as Exhibit "E" is a copy of the Agreed Order Modifying Automatic Stay which is incorporated by reference herein as if so stated verbatim. Plaintiff avers that by entering into the Agreed Order, Plaintiff surrendered his contractual right to purchase the subject real property thereby allowing Home Opportunity to exercise its state court contractual rights and remedies and recover possession of the subject real property and resell said property, but not to be able to recover any deficiency amounts if the property was sold for less than the remaining balance owed by the Plaintiff under the contract.

16.     Plaintiff avers that on multiple occasions between the entry of the aforementioned Agreed Order Modifying Automatic Stay and the date of the filing of the Civil Warrant in this cause, March 20, 2020, Defendants sent multiple pieces of correspondence attempting to collect an alleged "debt," that Defendants claim Plaintiff owed, including the following correspondence, all of which are attached hereto as collective Exhibit "F" and which is incorporated by reference herein as if so stated verbatim:

(A.)     letter dated February 15, 2019 from SN Servicing Corporation;

4

   (B.)   letter dated March 12, 2019 from SN Servicing Corporation;

   (C.)   Late Payment Notice dated May 1, 2019 from SN Servicing Corporation;

   (D.)   letter dated October 18, 2019 from SN Servicing Corporation;

   (E.)   letter dated November 5, 2019 from SN Servicing Corporation;

   (F.)   letter dated November 8, 2019 from Madison Management Services, LLC;

   (G.)   Notice of Assignment, Sale or Transfer of Servicing Rights dated November 8, 2019 from Madison Management Services, LLC;

   (H.)   Late Payment Notice dated December 1, 2019 from SN Servicing Corporation.

17.    Plaintiff avers that all of the aforementioned correspondence attempted to collect on the alleged "debt" that was addressed in the Agreed Order attached hereto as Exhibit "E."

18.    Plaintiff avers that Defendants, as agents of Home Opportunity, violated the terms of the aforementioned Agreed Order in attempting on numerous occasions as evidenced in collective Exhibit "F" to collect on a deficiency balance which would have been an amounts owed by Plaintiff to Home Opportunity, LLC under the terms of Exhibits "A".

19.    Plaintiff avers that the Defendants acts and practices as described above involved an attempted "debt collection" against the Plaintiff.

20.    Plaintiff aver that the Defendants violated provisions of the FDCPA in attempting to collect the debt as Plaintiff sets forth more specifically below.

21.    Plaintiff avers that Defendants, as loan servicers for Home Opportunity, meet the criteria set forth under the terms of the FDCPA, as Defendants would be qualified as "any non-originating debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition.

22.    Plaintiff avers the documents attached hereto as collective Exhibit "F" clearly reflect the Defendants acknowledge by the terms contained in the various documents that Defendants were

debt collectors attempting to collect a debt. Plaintiff further avers the violations of the FDCPA as alleged by Plaintiff against Defendants herein constitute abusive debt collection practices.

23.      Additionally, Plaintiff avers that on or about September 21, 2019, counsel for Plaintiff wrote Defendant SN Servicing Corporation a letter requesting that Defendant cease and desist attempting to collect on the alleged debt that was not owed by Plaintiff. Attached hereto as Exhibit "G" is a copy of the letter which is incorporated by reference herein as if so stated verbatim.

24.      Moreover, Plaintiff avers that on or about September 26, 2019, counsel for Plaintiff received a letter from counsel for Defendant SN Servicing Corporation acknowledging receipt of the September 21, 2019 letter referenced in Paragraph 23, but that Defendant SN Servicing Corporation continued to send Plaintiff the correspondence set forth in collective Exhibit "F" after acknowledging Plaintiff's representation by counsel. A copy of the September 26, 2019 sent to Plaintiff's counsel by Defendant SN Servicing Corporation is attached hereto as Exhibit "H" and is incorporated by reference herein as if so stated verbatim.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 et. seq.

25.      The allegations contained in Paragraphs 1-24 are hereby incorporated by reference herein as if so stated verbatim.

26.      The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et. seq., with respect to Plaintiff.

27.     Plaintiffs aver that Defendants acts as described above violate 15 U.S.C. §1692c as Defendants knew Plaintiff was represented by counsel and continued to attempt to collect on an alleged debt after receipt of the letter of representation attached hereto as Exhibit "G."

28.     Plaintiffs aver the Defendants acts as described above violate 15 U.S.C. §1692e, as the Defendants' communications contained false and misleading representations about the amount, character and legal status of the alleged debt; the Defendants misrepresented the amount, character and legal status of the debt in violation of the FDCPA.

29.     Plaintiffs aver the Defendants acts were particularly abusive to the extent that the Agreed Order attached hereto as Exhibit "E" was signed by an attorney employed by the Defendants' law firm, Rublin Lublin, PLLC. Additionally, Plaintiffs aver the Defendants' conduct arguably subjects liability on the parties for contempt of court of the Agreed Order attached hereto as Exhibit "E."

30.     Plaintiffs aver that the Defendants' conduct as described herein, to the extent that said conduct was in direct opposition of the Agreed Order attached hereto as Exhibit "E," constitutes a misrepresentation that legal documents are not legal documents, as Defendants blatantly ignored the terms of the Agreed Order that their counsel voluntarily executed as binding on Defendants.

31.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) that Plaintiffs may prove at trial; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT 1.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et. seq.

1.      For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

2.      For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

3.      For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

4.      For such other and further relief as may be just and proper.

Respectfully submitted,

s/Curtis A. Runger
Curtis A. Runger, #22995
DOUGLASS & RUNGER
Attorney for Plaintiff, Raymond D. Webb
2820 Summer Oaks Drive
Bartlett, TN 38134
901-388-5805
curt@douglassrunger.com

s/Clifton E. Darnell
Clifton E. Darnell
Attorney for Plaintiff, Raymond D. Webb
7500 Capital Drive
Germantown, TN 38138
901-388-0084
c-darnell@mindspring.com

## CERTIFICATE OF SERVICE

I, Curtis A. Runger, do hereby certify that I have forwarded a true and correct copy of the individuals listed below, via first class U.S. Mail, postage prepaid, on this the 21st day of May, 2020.

        Bret J. Chaness (BPR #31643)
        Patty Whitehead (BPR #34488)
        Rubin Lublin TN, PLLC
        3145 Avalon Ridge Place, Suite 100
        Peachtree Corners, GA 30071
        (770) 246-3349 (Telephone)
        (404) 921-9016 (Facsimile)
        bchaness@rlselaw.com
        pwhitehead@rlselaw.com

                                s/Curtis A. Runger
                                Curtis A. Runger

# Collective Exhibit "A" to Amended Complaint

Tom Leatherwood, Shelby County Register of Deeds: Instr. # 10055248



# Tom Leatherwood

### Shelby County Register

As evidenced by the instrument number shown below, this document has been recorded as a permanent record in the archives of the Office of the Shelby County Register.



| | |
|---|---|
| 10055248 | |
| 06/01/2010 - 03:41 PM | |
| 4 PGS | |
| DEBBIES 747828-10055248 | |
| VALUE | 19900.00 |
| MORTGAGE TAX | 20.58 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 20.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| WALK THRU FEE | 10.00 |
| TOTAL AMOUNT | 52.58 |

TOM LEATHERWOOD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 ~ (901) 379-7500
Website: http://register.shelby.tn.us ~ Email: Tom.Leatherwood@shelbycountytn.gov

*Prepared By*
*LWBR LLC Land Contract*
*1117 East West Highway*
*Silver Springs, MD 20910*

# LAND INSTALLMENT CONTRACT

**THIS LAND CONTRACT** is made on the day and date shown next to the signatures below, between LWBR, a Limited Liability Company, (referred to as "Seller"), whose current mailing address is 1117 East West Highway, Silver Springs, MD 20910, Raymond D. Webb, (referred to as "Buyer") whose current address is 236 Modder Ave Memphis TN 38109.

1.  **PROPERTY.** Seller agrees to sell and Buyer Agrees to buy, on the terms set forth in this Land Contract, the following described Property (the "Property"):

    **Property Address: 1839 Bismark St Memphis TN 38109**
    Parcel No.

The Property shall include the land, all appurtenant rights, privileges and easements, and all buildings and fixtures in their present condition.

2.  **CONTRACT PRICE.** Buyer agrees to pay Seller for the Property the sum of Nineteen Thousand Nine Hundred Dollars ($19,900). In addition to the Contract Price, Buyer shall pay the sum of $0 as one-half of the attorneys' fees in preparing this Land Contract, $_____ for Buyer's title evidence and any fees associated for recoding this Land Contract. The Contract Price shall be paid as follows:

    (a). A down payment of Five Hundred Dollars ($500) has been paid on the date of this Land Contract.
    (b) The Balance of Nineteen Thousand and Four Hundred Dollars ($19,400) with the interest at the rate of Eight (8%) per annum shall be paid in equal monthly installments of Two Hundred and Seventy Five Dollars ($275) each *Sept 1.* beginning ~~August~~-1st and on the first day of each month thereafter through July 2016 Interest shall be computed monthly in arrears.

All payments shall be made to Seller at the address set forth above or at such other place as Seller may direct by written notice to Buyer.

The unpaid principal balance under this Land Contract may be prepaid in full or in part at any time, with out penalty.

3.  **DEED; EVIDENCE OF TITLE.** Seller agrees that upon payment by Buyer of the balance of the Contract Price and all accrued interest, Seller shall convey the Property to Buyer by transferable and recordable general warranty deed, free of all liens and encumbrances except items (b), (c), (d), (e) and (f) of Paragraph 1, and except any other liens of encumbrances created by Buyer or persons claiming by, through or under Buyer. Buyer acknowledges that Seller has, at Seller's expense, provided either a title examination report or a commitment for an owner's policy of title insurance in than amount the Contract Price, showing in Seller marketable title in fee simple, free and clear of all liens and encumbrances except those created by or assumed by Buyer and those referred to in Paragraph 1, items (a) through (f). The title evidence provide by Seller under this paragraph satisfies all of Seller's obligations to Buyer with respect to title evidence.

4.  **USE.** Buyer may use the Property only for residential purposes and for no other use or purpose without Seller's prior written consent. Buyer shall not make any alterations, additions or improvement to the Property without prior written consent of Seller, which consent shall not be unreasonably withheld, nor shall Buyer commit any waste to the Property.

5.  **MAINTENANCE.** Buyer agrees to keep the Property in good condition and repaired and well painted throughout the term of this Land Contract.

6.     **TAXES.** Buyer shall pay before delinquency all real estate taxes and all installments of general or special assessments on the Property becoming due and payable after the date of this Land Contract. The parties acknowledge that Seller has paid to Buyer or given Buyer a credit for a pro rate share of real estate taxes and assessments based on the customary method of prorating real estate taxes in Saint Louis, Missouri.

7.     **INSURANCE.** Buyer shall insure the improvements on the Property against risk of loss covered by fire and extended coverage insurance during the term of this Land Contract, in the amount of the balance due on this Land Contract or such grater amount as maybe required by the holder of the Mortgage described in paragraph 1(a) or as may be necessary to prevent Buyer from being deemed a co-insurer. Losses, if any shall be payable to Seller, Buyer and any mortgagee as their respective interests may appear. The original policies or certificates of them shall be delivered to Seller.

8.     **ESCROW FOR TAXES AND INSURANCE.** Buyer shall pay to the Seller on the day monthly installments of principal and interest are payable under this Land Contract, unless the Land Contract is fully paid, a sum equal to one-twelfth (1/12) of the premium for hazard insurance, all as reasonably estimated from time to time by Seller. The funds so paid to Seller shall be held in a separate account established by Seller or deposited with Seller' mortgagee and Seller shall apply the funds to pay taxes, assessments and insurance premiums. Unless applicable law requires interest to be paid, Seller shall not be required to pay Buyer any interest or earnings on the funds. Seller shall give to Buyer with out charge, an annual accounting of the funds showing credits and debits to the fund and the purpose for which each debit to the funds was made. If the funds are not sufficient to any taxes, assessments or insurance payments as they fall due, Buyer shall pay to Seller any amount necessary to make up the deficiency within 30 days from the date notice is mailed by Seller to Buyer requesting such payment. If excess funds have been deposited with Seller, such excess shall be, at Seller's option, either promptly repaid to Buyer or credited on the monthly installments of Funds. Upon payment in full of the entire balance due under this Land Contract, Seller shall promptly refund to Buyer any unapplied balance of funds.

9.     **ASSIGNMENT.** Buyer shall not assign Buyer's interest under this Land Contract without Seller's Prior written consent, which consent shall not be unreasonably withheld. As a condition to any assignment Buyer shall remain liable along with the assignee. The assignees shall execute an amended copy of this contract. Assignee shall also pay all recording costs, charges and fees incident to the assignment.

10.     **MORTGAGE.** Seller agrees that during the operation of this Land Contract (a) the Property shall not be included in a mortgage with other Property, and (b) Seller shall not permit mortgages, liens or other encumbrances to exist upon this Land Contract or the combined monthly payments of which are greater than the monthly installments payable under this Land Contract. If Seller is in default under any such mortgage, then Buyer may cure such default and all sums so paid by Buyer shall be credited d by Seller as payments under this Contract.

11.     **PUBLIC ORDERS.** Seller warrants and represents that no orders of any public agency are pending against the Property.

12.     **UTILITIES.** All water, sewer, gas, electric, and other utility bills, and any current operating expenses relating to the Property, shall be prorated as of the date of this Land Contract or the date possession of the Property is given to Buyer, whichever is later, and Buyer shall assume all such utility charges and operating expenses after that date.

13. **POSSESSION.** Possession of the Property shall be given to Buyer on or before July 1st ~~August 1,~~ 2008. Subject to tenants rights, and all rents collected in advance shall be prorated as of that date.

14. **DAMAGE AND DESTRUCTION.** Buyer shall assume all risk of damage to, destruction of, depreciation of, or taking for public use of all or any port of the Property and any building or other improvements now or in the future located or placed on the Property. Buyer shall give Seller prompt written notice of any casualty or condemnation proceeding affecting the Property. All settlements, awards or recoveries for damage, destruction, depreciation

15. **DEFAULT.** If Buyer fails to pay any installment of principal and interest when due or within 30 days after the due date, or fails to comply with any other term of this Land Contract for more than 30 days after written notice from Seller, then Seller may at Seller's option, declare the entire unpaid balance of the Contract Price, together with all accrued interest, immediately due and payable, and :

   (a) Deliver any statutory notices and initiate forfeiture of Buyer's interest under this Land Contract, as provided by law, and retain all amounts previously paid by Buyer as rent and compensation for Buyer's use and occupancy of the Property; or

   (b) Deliver any statutory notices and recover possession of the Property by use of a proceeding for foreclosure and judicial sale of the Property.

   (c) Upon acceleration the balance due shall bear interest at the rate of 10% per annum.

If Buyer fails to pay any installment of principal and interest within 5 days after its due date, Buyer shall pay Seller a late charge equal to 10% of the overdue payment. The late charge shall be due with the next monthly installment of principal and interest.

The remedies provided for in this Land Contract shall be in addition to any other remedies available to Seller at law or in equity.

16. **PAYMENTS FOR BUYER.** If Buyer fails to pay any taxes and assessments, to carry insurance, or to keep the Property in good repair, Seller may, in addition to any other remedies it may have, pay the taxes and assessments, insure the Property or cause the Property to be repaired, and the costs or amounts so paid by Seller shall be repayable by Buyer on demand, without prejudice to any other rights Seller may have by reason of Buyer's default.

17. **BROKERS.** Each party represents and warrants to the other that no broker, finder or other person is entitled to any fee, commission or other compensation in connection with this transaction, other than _____ whose commission shall be paid by Seller upon execution of this Land Contract.

18. **COMPLIANCE WITH LAWS.** Buyer shall comply with all laws, orders, rules and regulations, of all governmental authorities having jurisdiction of the Property. Should any repair, alteration or improvement to the Property be required by any governmental authority, Buyer shall promptly comply with the requirement at its sole expense.

19. **LIENS.** Buyer shall not permit any liens or encumbrances to attach to the Property (except for any liens or encumbrances created by Seller as permitted by paragraph 8), and shall, at its sole expense, promptly discharge the same.

20. **INSPECTIONS.** Seller may make periodic inspections of the Property at any reasonable times and intervals; Seller shall give Buyer reasonable advance notice of its intention to make any inspection.

3

21. **STATEMENTS.** At least once a year, or on demand of Buyer, but no more than twice a year, Seller shall furnish a statement to Buyer showing (a) the amount credited to principal and interest under this Land Contract and (b) the balance due.

22. **GENERAL PROVISIONS.**
   (a) Buyer has examined the Property and is relying solely upon such examination with reference to the condition, character, utility, quality, quantity and size of the land and improvements. The sale is "AS IS", and "WHERE IS".
   (b) Within 20 days after the date of this Land Contract, Seller shall cause a copy of the Land Contract to be recorded in the office of the County Recorder. This Land Contract shall be binding upon and inure to the benefit of the heirs, personal representative's successors and assigns for the Seller and Buyer.
   (c) This Land Contract shall not be modified except in writing signed by both Seller and Buyer.
   (d) In the event that any word, phrase, clause, sentence or other provision of this Land Contract shall violate any applicable statute, ordinance or rule of law in any jurisdiction in which it is used, that provision shall be ineffective to the extent of the violation without invalidating any other provision of this Land Contract.
   (e) Each fully executed counterpart of this Land Contract shall be deemed to be an original.

Seller and Buyer have signed this Land Contract on the dates shown next to the signatures below.

SELLER: LWBR, LLC LAND CONTRACT

_____          8/4/08
By: Steven F. Madeoy                              Date
Its: Signing Officer


BUYER:

_Raymond D. Well_____          7-31-08
                                                          Date
State of _Tennessee_
County of _Shelby_
   Before me, a notary public in and or said county and state, personally appeared the above named Buyer who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed.
   IN TESTIMONY WEHREOF, I have hereunto set my hand and affixed my official seal this _31_ day of _July_ 2008.

_Rosa M. Shotwell_                              6-15-2010
Notary Public                                    My Comission Expires

State of Maryland
County of ~~Montgomery~~ Bathmore City
   Before me, a notary public in and or said county and state, personally appeared the above named LWBR, a Limited Liability company, by Steven F. Madeoy its Signing Officer who acknowledged that he did sign the foregoing instrument on behalf of said LWBR, a Limited Liability company and that the same is his free act and deed individually an as such officer .
   IN TESTIMONY WEHREOF, I have hereunto set my hand and affixed my official seal this _8th_ day of _August_ 2008.

_____
Bob Gibson/Notary Public  My Comission Expires: ~~11/19/2011~~ 4/23/2011
_Wanetta Hagan_

WANNETTA HAGAN
Notary Public-Maryland
Baltimore City
My Commission Expires
:   ril 23, 2011

4

## PROMISSORY NOTE

15th Day of July 2008                                                   $19,400

For value received, the undersigned promises to pay to the order of and
SEND PAYMENTS TO:        Blitz, LLC
                         1117 East West Highway
                         Silver Spring, MD 20910

the sum of Nineteen Thousand Four Hundred Dollars & No cents($19,400) as follows;
Bearing interest at the rate of eight percent (8%) per annum from date hereof to be paid in
96 equal monthly installments of Two Hundred and Seventy Five Dollars no cents
($275.00), each payment to be made on or before the First day of each month beginning
on September 1st 2008, failure to do so will result in a late fee of 10% unless payment is
received on or before the 5th of the month it was due. Each payment shall be applied first
to the accrued interest on the unpaid principal balance at the rate of eight percent (8%)
and the remainder thereof to the principal balance. The entire remaining unpaid principal
balance together with accrued interest to date shall become due and payable in full on the
First day of August, in the year 2016.

The Note, principal and interest is secured by an "Agreement for Deed" on the following
property:

ADDRESS: 1839 Bismark Memphis TN 38109
BUYER'S NAME: Raymond Webb

It is specifically agreed that the Maker(s) hereof shall have the right of prepayment at any
time without penalty. Failure to make payment in full or any part thereof at the time when
due, may at the option of the holder of this note, result in acceleration of the Note with
the principal and all accrued interest and penalties becoming immediately due and
payable. If this note is placed in the hands of an attorney for collection by suit or
otherwise, Maker will pay, on demand, any attorney's fees and related expenses that the
holder of this note incurs in:

1. Collecting or attempting to collect the indebtedness evidenced by
   this note.
2. enforcing the Agreement for Deed "Rent to Own" Agreement that
   secures this note.
3. protecting the collateral encumbered by the Agreement for Deed
   "Rent to Own" Agreement and/or;
4. defending or asserting the holder's rights and interests in the said
   collateral.

All parties hereto, makers, endorsers, sureties, Guarantors, or otherwise, severally waive
protest, demand, presentment and notice of dishonor and the holder may grant extensions

of the time of payment of this note, or a part thereof, without any release of liability as to parties secondarily liable, who hereby waive notice, as to such extension, and against whom recourse is, in such event, expressly reserved.

This note is not assignable by Maker but is freely assignable by the Seller or the subsequent holder of the note.

_____                    _____
Witness                                            EWBR, LLC

Sworn and subscribed to before me on
This 4th day of August 2008,
Notary Public for the State of Maryland, County of ~~Montgomery~~ Baltimore city
~~Bobi Gibson~~ (NOTARY PUBLIC) _____
My Commission Expires: 11/19/2011
(SEAL)

> WANNETTA HAGAN
> Notary Public-Maryland
> Baltimore City
> My Commission Expires
> April 23, 2011

_____                    _____
Witness                                            Raymond Webb

Sworn and subscribed to before me on
This 31 day of July
Notary Public for the State of Tennessee
In the County of Shelby
Notary Signature _____
My Commission Expires: 6 / 15 / 2010



# Collective Exhibit "B" to Amended Complaint



# *Tom Leatherwood*

## Shelby County Register

As evidenced by the instrument number shown below, this document
has been recorded as a permanent record in the archives of the
Office of the Shelby County Register.



Recording requested by:
Katharine Burkhalter, Attorney at Law retained by:
Orion Financial Group, Inc.
2860 Exchange Blvd., Suite 100
Southlake, TX 76092

and when recorded, please return this deed to:
Orion Financial Group, Inc.
2860 Exchange Blvd., Suite 100
Southlake, TX 76092

This instrument was prepared by (name and address:
M. E. Wileman
Orion Financial Group, Inc.
2860 Exchange Blvd., Suite 100
Southlake, TX 76092

Above reserved for official use only

## SPECIAL WARRANTY DEED

Parcel Identification Number: Parcel ID No.: 035037 00008

THE GRANTOR: LWBR, LLC whose address is 1117 East West Highway, Silver Spring, MD 20910 County of Shelby, State of Tennessee FOR A VALUABLE CONSIDERATION, in the amount of $6382.4700000000003 in hand and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby CONVEYS to HOME SOLUTIONS PARTNERS IV REO, LLC ("Grantee"), whose address is 8117 Preston Road #160, Dallas, TX 75225, County of Shelby, State of Tennessee the following tract of land in the County of Shelby, State of Tennessee with the following legal description:
SEE ATTACHED EXHIBIT A

Prior deed reference: RECORDED: 01/06/2010 INSTRUMENT # 10001470

AND I WARRANT the title against all persons claiming under me.

TO HAVE AND TO HOLD all of Grantor's right, title and interest in and to the above described property unto the said Grantee, Grantee's heirs, administrators, executors, successors and/or assigns forever IN FEE SIMPLE; so that neither Grantor nor Grantor's heirs, administrators, executors, successors and/or assigns shall have, claim or demand any right or title to the aforesaid property, premises or appurtenances or any part thereof.

WEBB   MM  *10012183*

*10012183*

TN Shelby                          HSPIVREO/DEED/LWBR

RETURN TO: Katharine Burkhalter, Attorney at Law retained by:
Orion Financial Group, Inc.
2860 Exchange Blvd., Suite 100
Southlake, TX 76092

EXECUTED this 4/9/2010
LWBR, LLC

_Steven Madeson_ Managing Member

Witness: _Ana Nazariego_                Witness: _____ KABIR SINGH

State of _Maryland_ County of _Montgomery_
On this 4/9/2010 before me personally appeared _Steven Madeson_ to me known to be the
person (or persons) described in and who executed the foregoing instrument, and acknowledged that such
person (or persons) executed the same as such person (or person's) free act and deed.

Notary Public, _____
My commission expires _____

I hereby swear or affirm that the actual consideration or true value of this transfer, whichever is greater, is
$ 6,382.47 Affiant,
Affiant _Steven Madeson_

MAIL TAX STATEMENTS TO:
HOME SOLUTIONS PARTNERS IV REO, LLC
8117 Preston Road #160, Dallas, TX 75225
PROPERTY OWNER:
HOME SOLUTIONS PARTNERS IV REO, LLC
8117 Preston Road #160, Dallas, TX 75225

Property Address:
1839 Bismark St
Memphis, TN 38109

*10012183*

TN Shelby                    HSPIVREO/DEED/LWBR

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS
SHOWN ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE
REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH
PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK
MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE
BANK N.A. AS TRUSTEE BY DEED FROM LARRY A. WEISSMAN, AS
TRUSTEE OF RECORD IN BOOK _____, PAGE _____, DOC NO.
08058995, SAID REGISTER'S OFFICE.

10012183                                             HSPIVREO/DEED/LWBR
                        Shelby County,  TN

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS
SHOWN ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE
REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH
PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK
MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE
BANK N.A. AS TRUSTEE BY DEED FROM LARRY A. WEISSMAN, AS
TRUSTEE OF RECORD IN BOOK _____, PAGE _____, DOC NO.
08058995, SAID REGISTER'S OFFICE.

10012183

Shelby County,   TN

HSPIVREO/DEED/LWBR



# *Tom Leatherwood*

## Shelby County Register / Archives

As evidenced by the instrument number shown below, this document
has been recorded as a permanent record in the archives of the
Office of the Shelby County Register.



**17121920**
11/28/2017 - 01:33 PM
2 PGS
KRISTIN  1675926-17121920
VALUE                           0.00
MORTGAGE TAX                    0.00
TRANSFER TAX                    0.00
RECORDING FEE                  10.00
DP FEE                          2.00
REGISTER'S FEE                  0.00
WALK THRU FEE                   0.00
TOTAL AMOUNT                   12.00
**TOM LEATHERWOOD**
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 (901) 222-8100
Website:  http://register.shelby.tn.us Email:  Tom.Leatherwood@shelbycountytn.gov

PREPARED BY AND:

**When Recorded Return to:**
Attn: LR Department (Cust: 574)
First American Mortgage Solutions
4000 W. Metropolitan Drive, Suite 400
Orange, CA 92868

4816033DT1
*Record 1st*

## Assignment of Seller(s)'s
## Interest in Contract For Sale and Purchase of Real Estate

For a valuable consideration, receipt of which is acknowledged, the undersigned person(s) hereby sell(s), assign(s) and set(s) over to
HOME SOLUTIONS PARTNERS IV REO, LLC located at 8117 Preston Road #160, Dallas, TX 75225, the assignee, a certain
contract for sale and purchase of Real Estate recorded ✱ in Instrument 10055248      executed between LWBR, LLC, as Seller,
and **RAYMOND WEBB** as Purchaser, for the sale of land and property situated in the county of Shelby and state of Tennessee
described as:  SEE ATTACHED EXHIBIT A
     Property Address: 1839 BISMARK ST., MEMPHIS, TN 38109
              **Dated: 4/12/2010**          *Recorded 6/1/2010*
              LWBR, LLC

By:  _Steven Mudray_

Witness: _Ana Mazariego_

WEBB  MM *10012184*

State of _Maryland_ County of _Montgomery_
On 4/12/2010, before me, the undersigned, _Steven Mudray_, who acknowledged that he/she is _Managing_
_Member_          of/for  for LWBR, LLC , and that he/she executed the foregoing instrument and that such execution
was done as the free act and deed of LWBR, LLC .

     Notary public,
     My commission expires:

SHANNA STRAHAN
Commission Expires
NOTARY PUBLIC
02-17-2014
MONTGOMERY COUNTY, MD

          TN  Shelby                    HSPIVREO/ASMT

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS
SHOWN ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE
REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH
PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK
MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE
BANK N.A. AS TRUSTEE BY DEED FROM LARRY A. WEISSMAN, AS
TRUSTEE OF RECORD IN BOOK _____, PAGE _____, DOC NO.
08058995, SAID REGISTER'S OFFICE.

10012184                                            HSPIVREO/ASMT

                    Shelby County,   TN

# Collective Exhibit "C" to Amended Complaint



# *Tom Leatherwood*

## Shelby County Register

As evidenced by the instrument number shown below, this document
has been recorded as a permanent record in the archives of the
Office of the Shelby County Register.



12065106
06/12/2012 - 10:22 AM
3 PGS

| | | |
|---|---|---|
| LYNDAL 962020-12065106 | | |
| VALUE | | 8946.63 |
| MORTGAGE TAX | | 0.00 |
| TRANSFER TAX | | 33.10 |
| RECORDING FEE | | 15.00 |
| DP FEE | | 2.00 |
| REGISTER'S FEE | | 1.00 |
| WALK THRU FEE | | 0.00 |
| TOTAL AMOUNT | | $1.10 |

**TOM LEATHERWOOD**
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W 165 ~ Memphis, Tennessee 38134 (901) 222-8100
Website: http://register.shelby.tn.us Email: Tom.Leatherwood@shelbycountytn.gov

PREPARED BY & RETURN TO:
Katharine Burkhalter, Attorney at
Law
retained by:
Orion Financial Group, Inc.
2860 Exchange Blvd., Suite 100
Southlake, TX 76092

For recorder's use only

## QUITCLAIM DEED

### KNOW ALL MEN BY THESE PRESENTS THAT:

THIS QUITCLAIM DEED, made and entered into on 06/06/2012, between HOME SOLUTIONS PARTNERS IV REO, LLC ("Grantor") whose address is 8214 Westchester Drive, Suite 635, Dallas, TX 75225 and TRANSPORTATION ALLIANCE BANK INC. ("Grantee") whose address is 4185 Harrison Blvd., Suite 200, Ogden, UT 84403.

FOR A VALUABLE CONSIDERATION, in the amount of $ 8,946.63 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby REMISES, RELEASES, AND FOREVER QUITCLAIMS to Grantee, all right, title, interest and claim to the plot, piece or parcel of land, with all the buildings, appurtenances and improvements thereon, if any, in the City of , County of Shelby, State of Tennessee described as follows:

SEE ATTACHED EXHIBIT A

Property Address: 1839 BISMARK ST., MEMPHIS, TN 38109
Parcel ID No.: 03503700008   LWBR, LLC TO HOME SOLUTIONS PARTNERS IV REO, LLC RECORDED ON 05/10/2010 INST# 10047022

SUBJECT TO all, if any, valid easements, rights of way, covenants, conditions, reservations and restrictions of record.

WEBB   CNH *12027019*

TN Shelby

30663
TAB/HSP/DEED

IN WITNESS WHEREOF, Grantor has executed this Quitclaim Deed on 06/06/2012.
HOME SOLUTIONS PARTNERS IV REO, LLC

K. Airis, Vice President

State of Texas
County of Tarrant } ss.

On 06/06/2012 before me, Julie Bacon, personally appeared K. Airis personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.
WITNESS my hand and official seal.



JULIE BACON
MY COMMISSION EXPIRES
November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

## Oath of Consideration

I hereby swear or affirm that the actual consideration or true value of this transfer, whichever is greater, is
$   8,946.63 Affiant, K. Airis.  Affiant

K. Airis, Vice President

State of Texas
County of Tarrant } ss.

Subscribed and sworn before me this 06/06/2012.



JULIE BACON
MY COMMISSION EXPIRES
November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

MAIL TAX STATEMENTS TO:
TRANSPORTATION ALLIANCE BANK INC.
4185 Harrison Blvd., Suite 200, Ogden, UT 84403
PROPERTY OWNER:
TRANSPORTATION ALLIANCE BANK INC.
4185 Harrison Blvd., Suite 200, Ogden, UT 84403

*12027019*

TN  Shelby

30663
TAB/HSP/DEED

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS
SHOWN  ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE
REGISTER'S  OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH
PLAT REFERENCE IS  HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK
MELLON  TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK  TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN
CHASE BANK N.A. AS  TRUSTEE BY DEED FROM LARRY A. WEISSMAN,
AS TRUSTEE OF RECORD IN  BOOK _____, PAGE _____, DOC
NO. 08058995, SAID REGISTER'S  OFFICE.

12027019

Shelby County,  TN

TAB/HSP/DEED



# *Tom Leatherwood*

## Shelby County Register / Archives

As evidenced by the instrument number shown below, this document

has been recorded as a permanent record in the archives of the

Office of the Shelby County Register.



prepared by and

**When Recorded Return to:**
Attn: LR Department (Cust: 574)
First American Mortgage Solutions                    **by:**
4000 W. Metropolitan Drive, Suite 400
Orange, CA 92868

4816033DT2
*Record 2nd*

## Assignment of Seller(s)'s
## Interest in Contract For Sale and Purchase of Real Estate

For a valuable consideration, receipt of which is acknowledged, the undersigned person(s) hereby sell(s), assign(s) and set(s) over to
TRANSPORTATION ALLIANCE BANK INC.  located at 4185 Harrison Blvd., Suite 200, Ogden, UT 84403, the assignee, a certain
contract for sale and purchase of Real Estate recorded ✳ in Instrument __10055248__ executed between LWBR, LLC, as
Seller, and **RAYMOND WEBB** as Purchaser, for the sale of land and property situated in the county of Shelby and state of Tennessee
described as:   Parcel # 03503700008   Property Address: 1839 BISMARK ST., MEMPHIS, TN 38109
        Dated: 06/07/2012
HOME SOLUTIONS PARTNERS IV REO, LLC    *Recorded 6/1/2010*

By: _____                    _____
        M. E. Wileman, Vice President                    Witness: S. Bryan

WEBB   CNH *12027015*

State of Texas County of Tarrant
On 06/07/2012, before me, the undersigned, M. E. Wileman, who acknowledged that he/she is Vice President of/for  for HOME
SOLUTIONS PARTNERS IV REO, LLC , and that he/she executed the foregoing instrument and that such execution was done as the
free act and deed of HOME SOLUTIONS PARTNERS IV REO, LLC .

KIMBERLY JEAN STARKEY
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
10-13-2015

                                Notary public, Kimberly Jean Starkey
                                My commission expires: October 13, 2015

                                                        30663

                TN  Shelby                        TAB/HSP/ASMTLC

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS
SHOWN ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE
REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH
PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK
MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE
BANK N.A. AS TRUSTEE BY DEED FROM LARRY A. WEISSMAN, AS
TRUSTEE OF RECORD IN BOOK _____, PAGE _____, DOC NO.
08058995, SAID REGISTER'S OFFICE.

10012184

Shelby County,   TN

HSPIVREO/ASMT

# Collective Exhibit "D" to Amended Complaint



# Tom Leatherwood

## Shelby County Register

As evidenced by the instrument number shown below, this document
has been recorded as a permanent record in the archives of the
Office of the Shelby County Register.



For Ledgerwood, Shelby County Register of Deeds: Instr.# 13047599

PREPARED BY & RETURN TO:
Katharine Burkhalter, Attorney at
Law
retained by:
Orion Financial Group, Inc.
2860 Exchange Blvd., Suite 100
Southlake, TX 76092

For recorder's use only

## QUITCLAIM DEED

## KNOW ALL MEN BY THESE PRESENTS THAT:

THIS QUITCLAIM DEED, made and entered into on 04/12/2013, between TRANSPORTATION ALLIANCE BANK INC. ("Grantor") whose address is 4185 Harrison Blvd.,, Suite 200, Ogden, UT 84403 and HOME OPPORTUNITY, LLC ("Grantee") whose address is c/o Halo Asset Management, LLC, as Asset Manager, One Allen Center, Suite 500, 700 Central Expressway South, Allen, TX 75013.

FOR A VALUABLE CONSIDERATION, in the amount of $ O .00 and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby REMISES, RELEASES, AND FOREVER QUITCLAIMS to Grantee, all right, title, interest and claim to the plot, piece or parcel of land, with all the buildings, appurtenances and improvements thereon, if any, in the City of , County of Shelby, State of Tennessee described as follows:

SEE ATTACHED EXHIBIT A

Property Address: 1839 BISMARK ST., MEMPHIS, TN 38109
Parcel ID No.: 03503700008   QUIT CLAIM DEED FROM HOME SOLUTIONS PARTNERS IV REO, LLC TO TRANSPORTATION ALLIANCE BANK, INC. RECORDED 6/12/12 INST#12065106

SUBJECT TO all, if any, valid easements, rights of way, covenants, conditions, reservations and restrictions of record.

WEBB   MM  *13015962*

TN Shelby

30663
TAB/HOME/QCD

IN WITNESS WHEREOF, Grantor has executed this Quitclaim Deed on 04/12/2013.
TRANSPORTATION ALLIANCE BANK INC.



Robin M. Mathews, Vice President

State of Texas
County of Tarrant } ss.

On 04/12/2013 before me, Kimberly Jean Starkey, personally appeared Robin M. Mathews personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

KIMBERLY JEAN STARKEY
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
10-13-2016

Notary public, Kimberly Jean Starkey
My commission expires: October 13, 2015

## Oath of Consideration

I hereby swear or affirm to the best of affiant's knowledge, information and belief, the actual consideration for this transfer is $ O .00 Affiant, Robin M. Mathews. Affiant



Robin M. Mathews, Vice President

State of Texas
County of Tarrant } ss.

Subscribed and sworn before me this 04/12/2013.

KIMBERLY JEAN STARKEY
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
10-13-2016

Notary public, Kimberly Jean Starkey
My commission expires: October 13, 2015

MAIL TAX STATEMENTS TO:
HOME OPPORTUNITY, LLC
c/o Halo Asset Management, LLC, as Asset Manager, One Allen Center, Suite 500, 700 Central Expressway South, Allen, TX 75013
PROPERTY OWNER:
HOME OPPORTUNITY, LLC
c/o Halo Asset Management, LLC, as Asset Manager, One Allen Center, Suite 500, 700 Central Expressway South, Allen, TX 75013

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS
SHOWN ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE
REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH
PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR
DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK
MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN
CHASE BANK N.A. AS TRUSTEE BY DEED FROM LARRY A. WEISSMAN,
AS TRUSTEE OF RECORD IN BOOK _____, PAGE _____, DOC
NO. 08058995, SAID REGISTER'S OFFICE.

13015962                                    TAB/HOME/QCD

Shelby County, TN



# *Tom Leatherwood*

## Shelby County Register / Archives

As evidenced by the instrument number shown below, this document

has been recorded as a permanent record in the archives of the

Office of the Shelby County Register.



1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 (901) 222-8100
Website: http://register.shelby.tn.us Email: Tom.Leatherwood@shelbycountytn.gov

PREPARED BY ANDY

**When Recorded Return to:**
Attn: LR Department (Cust: 574)
First American Mortgage Solutions
4000 W. Metropolitan Drive, Suite 400
Orange, CA 92868

4816033ΔT3
* Record 3rd *

# Assignment of Seller(s)'s
# Interest in Contract For Sale and Purchase of Real Estate

For a valuable consideration, receipt of which is acknowledged, the undersigned person(s) hereby sell(s), assign(s) and set(s) over to HOME OPPORTUNITY, LLC located at c/o Halo Asset Management, LLC, as Asset Manager, One Allen Center, Suite 500, 700 Central Expressway South, Allen, TX 75013, the assignee, a certain contract for sale and purchase of Real Estate recorded in Instrument 10055248 executed between LWBR, LLC, as Seller, and **RAYMOND WEBB** as Purchaser, for the sale of land and property situated in the county of Shelby and state of Tennessee described as:   Property Address: 1839 BISMARK ST., MEMPHIS, TN 38109

**Recorded 6/1/2010**

**Dated: 03/28/2013**
TRANSPORTATION ALLIANCE BANK INC.

By: _____

Melanie A. Arndt, Vice President

Witness: T. Davis



WEBB   MM *13016045*

State of Texas County of Tarrant
On 03/28/2013, before me, the undersigned, Melanie A. Arndt, who acknowledged that he/she is Vice President of/for   for TRANSPORTATION ALLIANCE BANK INC. , and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of TRANSPORTATION ALLIANCE BANK INC. .

JULIE BACON
MY COMMISSION EXPIRES
November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

30663

TN  Shelby

TAB/HOME/AOLC

# Exhibit A

LOT 13, BLOCK 20, G.M. FISHER'S SPION-KOPP SUBDIVISION, AS SHOWN ON PLAT OF RECORD IN PLAT BOOK 5, PAGE 84, IN THE REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.

BEING THE SAME PROPERTY CONVEYED TO THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE BY DEED FROM LARRY A. WEISSMAN, AS TRUSTEE OF RECORD IN BOOK _____, PAGE _____, DOC NO. 08058995, SAID REGISTER'S OFFICE.

10012184

Shelby County,   TN

HSPIVREO/ASMT

# Exhibit "E" to Amended Complaint

**Dated: February 21, 2018**
**The following is SO ORDERED:**

_George W. Emerson, Jr._
**George W. Emerson, Jr.**
**UNITED STATES BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE

IN RE:                        : **CASE NO 16-27279-GWE**

**RAYMOND DEWITT WEBB,**   : **CHAPTER 13**
      Debtor.            :
- - - - - - - - - - - - - - - - - - - - - - - - : - - - - - - - - - - - - - - - - - - - - - -
**HOME OPPORTUNITY, LLC,**   :
      Movant.           :
                           : **CONTESTED MATTER**
   vs.                    :
                           :
**RAYMOND DEWITT WEBB,**   :
**SYLVIA F. BROWN, Trustee**   :
      Respondents.      :

## AGREED ORDER MODIFYING AUTOMATIC STAY

Home Opportunity, LLC, for itself, its successors and assigns (the "Movant"), filed a
Motion for Relief from Automatic Stay (the "Motion") December 18, 2017 (Doc. No. 45), which
was set for hearing **January 25, 2018** (the "Hearing").  Movant seeks relief as to real property
located in Shelby County, Tennessee, now or formerly known as 1839 Bismark Street, Memphis,
TN 38109 (the "Property"), as more particularly described on Exhibit "A" attached to the
Motion.

Movant asserts that the Motion was properly served and hearing properly noticed.  The

parties have reached an agreement.

Accordingly, it is hereby

**ORDERED** that the Motion is *granted:* the automatic stay of 11 U.S.C. § 362 is

**LIFTED** to allow Movant to proceed with an action to evict and take possession of the Property

thereof in pursuit of its state law remedies.  No deficiency balance will be sought by Movant.

The 14 day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply to this Order and

Movant may proceed without further delay.

**[END OF DOCUMENT]**

Approved for entry by:

/s/ Natalie Brown
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor


Consented to by:

   /s/ Sylvia F. Brown
/s/  Chapter 13 Trustee
Sylvia F. Brown
TN BPR No. 111111
200 Jefferson Avenue
Suite #1113
Memphis, TN 38103
(901) 576-1313
admin@ch13sfb.com
Chapter 13 Trustee

# Collective Exhibit "F" to Amended Complaint



**SERVICING CORPORATION**
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

2/15/2019

RAYMOND WEBB
236 MODDER AVE
MEMPHIS TN  38109

RE: Loan Number: ███████
Property Address: 1839 BISMARK STREET, MEMPHIS, TN, 38109

*YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.*

Dear RAYMOND WEBB:

I am writing on behalf of SN Servicing Corporation, who is the servicing agent for Home Opportunity LLC. The Note identified in the above referenced account number is owned by Home Opportunity LLC and SN Servicing Corporation is attempting to collect this debt on its behalf. This letter is being sent to encourage you to contact the servicer because your payment is now past due and we have additional information about loss mitigation options. Call us today to learn more about your options and instructions for how to apply. The longer you wait or the further you fall behind on your payments, the harder it will be to find a solution.

You can contact SN Servicing at:

    323 Fifth Street
    Eureka, CA 95501
    800-603-0836
    www.snsc.com

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours: Colorado Manager, Inc, 80 Garden Center, Suite 3, Broomfield, CO 80020, phone (303) 920-4763 or fax (303) 920-4767. For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car.

We have tried to contact you previously to make you aware of the foreclosure prevention options that may be available to you. It is critical that you contact us on a resolution of any issues that affect your ability to make timely mortgage payments. The right option for you depends on your individual circumstances. If you need help, the following options may be available, subject to the lender approval:

1.   Refinance your loan with another lender.

2.   Modify your loan terms.

3.   Payment forbearance that temporarily gives you more time to pay your monthly payment.

4.  If you are not able to continue paying your mortgage, your best option may be to find more affordable housing. As an alternative to foreclosure, you may be able to sell your house and use the proceeds to pay your loan.

The sooner you respond, the more quickly we can determine whether you qualify for assistance from the available options offered by the Lender.

Let us help you prevent this situation from becoming more serious by calling Kim Paris toll-free at (800) 603-0836 Ext. 2692, between 8:00 a.m. and 5:00 p.m. Pacific Time Monday through Friday. Please take the time to read the enclosure entitled "Avoiding Foreclosure".

For help exploring your options, the Federal government provides contact information for housing counselors, which you can access by contacting the Consumer Financial Protection Bureau and the Department of Housing and Urban Development at www.consumerfinance.gov/find-a-housing-counselor or by calling HUD toll-free nationwide number at (800) 569-4287.

If you are a Service member or dependent, or both, you may request relief under the Servicemembers Civil Relief Act (SCRA). For more information, contact the "Military OneSource" toll-free number at (800) 342-9647.

Please respond to this letter within 15 days. Be advised if we have to start foreclosure, additional attorney's fees and legal charges will be added to the amount due as provided in the note and mortgage.

**If you are interested in saving your home, WE URGE YOU TO ACT NOW. Please contact Kim Paris toll-free at (800) 603-0836 Ext. 2692.**

Sincerely,
Kim Paris
SN Servicing Corporation

Enclosures:  Avoiding Foreclosure Pamphlet
             Servicemembers Civil Relief Act Notice

# SN SERVICING CORPORATION

323 FIFTH STREET
EUREKA, CA 95501
(800) 603-0836

March 12, 2019

Raymond Webb
236 Modder Ave
Memphis, TN 38109

## NOTICE OF ATTEMPT TO COLLECT DEBT
Para información en Español, llame al (800) 603-0836, ext 2660

RE:   Account No ▮▮▮▮▮▮

Property Address:   1839 BISMARK STREET, MEMPHIS, TN 38109

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Raymond Webb;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **Home Opportunity LLC** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt. This office is relying on information provided by Home Opportunity LLC, and **important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments. The amount required to cure your default as of April 11, 2019 is the sum of payments that have come due on and after the date of default, September 1, 2013, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,298.49**. The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is April 11, 2019 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period. As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted. SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of $15,298.49 on or before April 11, 2019 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest. Home Opportunity LLC may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default. As of the date of this letter, the total amount of the Debt owed is the sum of the unpaid principal balance, which is $9,525.01, plus accrued but unpaid interest, late charges, advances and costs.

# SN SERVICING CORPORATION

323 FIFTH STREET
EUREKA, CA  95501
(800) 603-0836

You may, if required by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due within the time permitted by law.  However, you will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.  Further, you may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense you may have to acceleration and foreclosure.

## IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to **Home Opportunity LLC** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) The amount of the debt:  **Remaining principal balance of $9,525.01 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
2) Name of the creditor to whom the debt is owed:  **Home Opportunity LLC.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Kim Paris at (800) 603-0836.**

SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:

SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,

SN Servicing Corporation

 **SERVICING CORPORATION**

328 5TH STREET
EUREKA CA 95501

RAYMOND WEBB
236 MODDER AVE
MEMPHIS, TN 38109

**Account Information - Statement Date 4/3/2019**

| | |
|---|---|
| **Account Number** | |
| Payment Due Date | 5/1/2019 |
| **Total Amount Due** | **$15,342.44** |
| $0.00 late fee may be charged on or after 5/7/2019 | |
| Outstanding Principal | $9,525.01 |
| This is not the amount to pay off your loan | |
| Interest Rate | 8% |
| Prepayment Penalty | No |
| Escrow Balance | -$239.93 |

**Past Payment Breakdown**

| | Paid Since 3/7/2019 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

**Delinquency Notice**

You are late on your mortgage payments. Your account has been referred to an attorney to initiate a foreclosure action. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of April 3, 2019, you are 2039 days delinquent on your mortgage loan. This is your *Recent Account History:*

* Current Payment due 05/01/2019: $13,906.51

* **Total: $15,342.44 due. You must pay this amount to bring your loan current.**

**Explanation of Amount Due**

| Due Date | Principal | Interest | Escrow | Other Funds | Total |
|---|---|---|---|---|---|
| 5/1/2019 | $9,525.01 | $4,381.50 | $0.00 | $0.00 | $13,906.51 |
| Total Payments Due | | | | | $13,906.51 |
| Total Fees and Charges | | | | | $1,435.93 |
| Total Amount Due | | | | | $15,342.44 |

Customer Service: (800) 603-0836
Website: borrower.snsc.com * Email: customserv@snsc.com

**Important Messages**

Statement includes transactions through 04-03-2019. Loan Matured on 08/01/2016. Payoff figures are subject to change.
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report.

If you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect such a debt as your personal liability, but is instead a step in the enforcement of a mortgage lien against your property.
**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
   • U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to
   http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

**Other Balances**

| Description | Balance |
|---|---|
| Attorney Fee | $850.00 |
| Late Fees | $165.00 |
| Legal Expense Recov. | $181.00 |
| Negative Escrow Bal | $239.93 |

**Transaction Activity (3/7/2019 to 4/3/2019)**

| Date | Description | Charges | Payments |
|---|---|---|---|
| | No Transactional Detail | | |



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Detach at Perforation

 **SN** SERVICING CORPORATION
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

10/18/2019

RAYMOND WEBB
236 MODDER AVE
MEMPHIS TN  38109

**RE: Loan Number:** ▉▉▉▉▉▉▉

Property Address: 1839 BISMARK STREET, MEMPHIS, TN, 38109

*YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.  IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.*

Dear RAYMOND WEBB:

I am writing on behalf of SN Servicing Corporation, who is the servicing agent for Home Opportunity LLC. The Note identified in the above referenced account number is owned by Home Opportunity LLC and SN Servicing Corporation is attempting to collect this debt on its behalf. This letter is being sent to encourage you to contact the servicer because your payment is now past due and we have additional information about loss mitigation options. Call us today to learn more about your options and instructions for how to apply. The longer you wait or the further you fall behind on your payments, the harder it will be to find a solution.

You can contact SN Servicing at:

323 Fifth Street
Eureka, CA 95501
800-603-0836
www.snsc.com

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours: Colorado Manager, Inc, 8690 Wolff Court, Suite 110, Westminster, CO 80031, 303-920-4763 office or 303-920-4767 fax.  For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car.

We have tried to contact you previously to make you aware of the foreclosure prevention options that may be available to you. It is critical that you contact us on a resolution of any issues that affect your ability to make timely mortgage payments. The right option for you depends on your individual circumstances. If you need help, the following options may be available, subject to the lender approval:

1.   Refinance your loan with another lender.

2.   Modify your loan terms.

3.   Payment forbearance that temporarily gives you more time to pay your monthly payment.

4.  If you are not able to continue paying your mortgage, your best option may be to find more affordable housing. As an alternative to foreclosure, you may be able to sell your house and use the proceeds to pay your loan.

The sooner you respond, the more quickly we can determine whether you qualify for assistance from the available options offered by the Lender.

Let us help you prevent this situation from becoming more serious by calling Lisa Tallia toll-free at (800) 489-6446 Ext. 6896, between 8:00 a.m. and 5:00 p.m. Pacific Time Monday through Friday. Please take the time to read the enclosure entitled "Avoiding Foreclosure".

For help exploring your options, the Federal government provides contact information for housing counselors, which you can access by contacting the Consumer Financial Protection Bureau and the Department of Housing and Urban Development at www.consumerfinance.gov/find-a-housing-counselor or by calling HUD toll-free nationwide number at (800) 569-4287.

If you are a Service member or dependent, or both, you may request relief under the Servicemembers Civil Relief Act (SCRA). For more information, contact the "Military OneSource" toll-free number at (800) 342-9647.

Please respond to this letter within 15 days. Be advised if we have to start foreclosure, additional attorney's fees and legal charges will be added to the amount due as provided in the note and mortgage.

**If you are interested in saving your home, WE URGE YOU TO ACT NOW. Please contact Lisa Tallia toll-free at (800) 489-6446 Ext. 6896.**

Sincerely,
Lisa Tallia
SN Servicing Corporation

Enclosures:  Avoiding Foreclosure Pamphlet
             Servicemembers Civil Relief Act Notice



**SERVICING CORPORATION**
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

November 5, 2019

RAYMOND WEBB
236 MODDER AVE
MEMPHIS TN 38109

Loan Number: ▓▓▓▓▓▓▓
Collateral: 1839 BISMARK STREET, MEMPHIS TN

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Dear Borrower,

You are hereby notified that the servicing for your above-referenced mortgage loan including the right to collect payments from you, has been assigned, sold or transferred from SN Servicing Corporation for Home Opportunity LLC to Madison Management Services, LLC.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan. The servicing of the mortgage loan has been assigned to Madison Management Services, LLC effective November 20, 2019.

If you are currently having your payments automatically withdrawn from your checking or savings account, SN Servicing Corporation will stop that service on November 19, 2019. Please contact Madison Management Services, LLC to setup drafting or for other payment options available.

Except in limited circumstances, the law requires that your present Servicer send you this notice at least 15 days before this effective date or at closing. Your new Servicer must also send you this notice no later than 15 days after this effective date or at closing.

Should you have any questions regarding this transfer prior to the service transfer date, you should call SN Servicing Corporation toll free at (800) 489-6446 Monday through Friday, between 8:00 a.m. and 5:00 p.m. Central Time.

Your new Servicer will be Madison Management Services, LLC.

The correspondence address for them is:   **Madison Management Services, LLC**
**4600 Kietzke Ln Ste 119B**
**Reno, NV 89502**

Payments should be mailed to:   **Madison Management Services, LLC**
**4600 Kietzke Ln Ste 119B**
**Reno, NV 89502**

If you have any questions relating to the transfer of servicing to your new Servicer please call their Customer Service Department toll-free at (877) 563-4164 Monday through Thursday between 9:00 a.m. and 5:30 and Friday between 9:00 and 5:00 Pacific Time.

The day that your present Servicer will stop accepting payments from you is November 19, 2019. Any payments received after that date will be forwarded to your new Servicer. The date that your new Servicer will start accepting payments is November 20, 2019.

The transfer of ownership has been filed in the mortgage records for the county where the property securing this mortgage is located or registered with Mortgage Electronic Registration Systems, Inc., whichever is applicable to this mortgage loan.

You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA (12 U.S.C. Section 2605):

During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your old Servicer before its due date may not be treated by the new loan Servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan Servicer concerning the servicing of your loan, your Servicer must provide you with a written acknowledgment within 5 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the Servicer, which includes your name and account number, and your reasons for the request.

Not later than 30 business days after receiving your request, your Servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 30 day period, your Servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where Servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

You will be receiving two year end statements for 2019. One from SN Servicing Corporation for Home Opportunity LLC from January 1st or the date it began servicing, until transfer and one from Madison Management Services, LLC from the transfer date through the end of the year.

You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose.

During this transition, SN Servicing Corporation and Madison Management Services, LLC will make every effort to provide efficient service. We appreciate your patience throughout this transition.

Sincerely,

**SN Servicing Corporation for Home Opportunity LLC**

**MADISON**
MANAGEMENT SERVICES, LLC
Exceptional Loan Servicing

Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

11/8/2019

Raymond Webb
236 Modder Ave.
Memphis, TN 38109

Property Address:
1839 BISMARK STREET
MEMPHIS, TN 38109

New Loan Number: ▮▮▮▮▮▮▮
Prior Account Number:

Dear Customer:

This notice is being sent to you in accordance with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

As of the date of this letter, you owe **$9,525.01**. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (877) 563-4164.

Integrity 1st Financial, LLC is the creditor to whom the debt is owed. However, Madison Management Services, LLC, a debt collector, is responsible for servicing and collecting the debt.

Unless you dispute the validity of the debt or any portion of the debt within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

If you notify us in writing within thirty (30) days after your receipt of this letter that you dispute the debt or any portion of the debt, we will obtain verification of the debt or a copy of any judgment against you and we will mail you a copy of such verification or judgment.

We will provide you with the name and address of the original creditor on the debt, if different from the current creditor, if you request this information within thirty (30) days after your receipt of this letter.

You are hereby notified that this letter is being sent to you by Madison Management Services, LLC, which is a debt collector. Madison Management Services, LLC is attempting to collect a debt. Any information obtained by us will be used for that purpose. However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

***NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:***

Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

Madison Management Services, LLC for Integrity 1st Financial, LLC
Customer Service Department

4600 Kietzke Lane, Suite B119, Reno, NV 89502

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

**Madison**
MANAGEMENT SERVICES, LLC
E x c e p t i o n a l   L o a n   S e r v i c i n g

Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

November 8, 2019

Raymond Webb
236 Modder Ave.
Memphis, TN 38109

Property Address:
1839 BISMARK STREET
MEMPHIS, TN 38109

New Loan Number: ▇▇▇▇▇▇▇▇
Prior Account Number:

### Notice of Assignment, Sale or Transfer of Servicing Rights

You are hereby notified that the servicing of your loan, that is, the right to collect payments from you, has been assigned, sold or transferred from SN Servicing Corporation to Madison Management Services, LLC for Integrity 1st Financial, LLC, effective **11/19/2019**.

The assignment, sale or transfer of the servicing of your loan does not affect any term or condition of the loan documents or mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your previous servicer send you notice of the transfer at least 15 days before the effective date of transfer, or at closing.  Your new servicer must also send you this notice no later than 15 days after the effective date of the transfer or at closing.

Your present servicer is SN Servicing Corporation.  If you have any questions relating to the transfer of servicing from your present Servicer, please call them at 8006030836 between 8:00 AM and 5:00 PM Pacific Time, Monday through Friday.  This is a toll free number.

Your new Servicer will be Madison Management Services, LLC. Your account number is now: ▇▇▇▇▇▇▇▇ and will be used by Madison Management Services, LLC.

The correspondence address for your new servicer is:

Madison Management Services, LLC,
4600 Kietzke Lane, Ste B119
Reno NV 89502

If you have any questions concerning the transfer of servicing to your new servicer, call (877) 563-4164 between 6:00 a.m. and 5:30 p.m. PST.

You may access your account and make payments via our web portal: **www.madisonmanagement.net**

4600 Kietzke Lane, Suite B119, Reno, NV 89502

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

# SN SERVICING CORPORATION

323 5TH STREET
EUREKA CA 95501

RAYMOND WEBB
236 MODDER AVE
MEMPHIS, TN 38109

## Account Information - Statement Date: 11/6/2019

| | |
|---|---|
| Account Number | |
| Payment Due Date | 12/1/2019 |
| **Total Amount Due** | **$11,374.65** |
| $0.00 late fee may be charged on or after 12/7/2019 | |
| Outstanding Principal | $9,525.01 |
| This is not the amount to pay off your loan | |
| Interest Rate | 8% |
| Prepayment Penalty | No |
| Escrow Balance | -$278.65 |

## Past Payment Breakdown

| | Paid Since 10/3/2019 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Delinquency Notice

You are late on your mortgage payments.  Failure to bring your loan current may result in fees and foreclosure — the loss of your home.  As of November 6, 2019, you are 2256 days delinquent on your mortgage loan and your most delinquent payment was due on 9/1/2013.  This is your *Recent Account History:*

* No payments made within the last six months or since the account was current, whichever is shorter.

* Total: $11,374.65 due. You must pay this amount to bring your loan current.

## Explanation of Amount Due

| Due Date | Principal | Interest | Escrow | Other Funds | Total |
|---|---|---|---|---|---|
| 9/1/2013 | $211.50 | $63.50 | $0.00 | $0.00 | $275.00 |
| 10/1/2013 - 7/1/2016 | $8,094.90 | $1,255.10 | $0.00 | $0.00 | $9,350.00 |
| 8/1/2016 | $266.88 | $8.12 | $0.00 | $0.00 | $275.00 |
| Total Payments Due | | | | | $9,900.00 |
| Total Fees and Charges | | | | | $1,474.65 |
| Total Amount Due | | | | | $11,374.65 |

Customer Service: (800) 603-0836
Website: borrower.snsc.com * Email: customserv@snsc.com

## Important Messages

Payment Due Date now shows the date your next payment is due. Loan Matured on 08/01/2016. Payoff figures are subject to change.
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report.

If you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect such a debt as your personal liability, but is instead a step in the enforcement of a mortgage lien against your property.
**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
* U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

## Other Charges

| Description | Balance |
|---|---|
| Attorney Fee | $850.00 |
| Late Fees | $165.00 |
| Legal Expense Recov | $181.00 |
| Negative Escrow Bal | $278.65 |

## Transaction Activity (10/3/2019 to 11/6/2019)

| Date | Description | Charges | Escrow | Payments |
|---|---|---|---|---|
| | No Transactional Detail | | | |

SNSB191910100137.004485.01.01.000000

# Exhibit "G" to Amended Complaint



THE LAW FIRM OF
# CLIFTON E. DARNELL
A PROFESSIONAL CORPORATION

❖   ❖   ❖   ❖   ❖

7500 CAPITAL DRIVE
GERMANTOWN, TN  38138

Telephone: (901) 388-0084
Facsimile: (901) 235-5724

c-darnell@mindspring.com

September 21, 2019

SN Servicing Corporation
323 5th Street
Eureka, CA 95501

Re:   Borrower:                    Raymond Webb (loan# 0000271107)
        Secured real property:      1839 Bismark Street, Memphis, TN

Dear Sir or Madam:

Please be advised that I represent Raymond Webb in the above-referenced matter whereby you are attempting to collect a debt that he does not owe.   The subject contract was a land sale contract, yet you are attempting to collect as if it were a standard mortgage or deed of trust.   Your company is asleep at the wheel and keep sending him letters threatening to sell the subject real property at foreclose sale even though you already own the subject real property due to this being a defaulted land sale contract whereby Raymond Webb has never been in title to the subject real property.

In addition, Raymond Webb entered into an agreement with Home Opportunity, LLC whereby "no deficiency balance will be sought" as set forth in an Agreed Order at Doc 54 (copy enclosed) in his Chapter 13 bankruptcy case.   The amounts you are illegally attempting to collect also include attorney fees when the subject contract does not provide for attorney fees in the event of default.

Your company has violated 15 U.S.C §1692f(1) by attempting to collect amounts not expressly authorized by contract or permitted by law on at least ten (10) separate occasions by mailing threatening and harassing letters to Mr. Webb for a debt he does not owe.   Therefore, demand is made to cease all communications with Mr. Webb immediately.  **Demand is also made that you pay $10,000.00 to Mr. Webb to compensate him for damages pursuant to 15 U.S.C. 1692k.**  This offer of settlement shall remain open until October 11, 2019 at which time it shall be withdrawn if settlement is not consummated on or before that date.

Sincerely,

Clifton E. Darnell

Enc.
cc:    client
        Home Opportunity, LLC
        Registered Agent
        Legal Department

# Exhibit "H" to Amended Complaint



## SERVICING CORPORATION

13702 Coursey Blvd., Building 1
Baton Rouge, LA 70817
Phone: (225) 293-0095, (800) 489-6446
Fax: (916) 231-2500
Main Office NMLS #5985    Branch Office NMLS #9785

September 26, 2019

Clifton E. Darnell
7500 Capital Drive
Germantown, TN 38138

> RE:   Raymond Webb
> 1839 Bismark Street
> Memphis, TN 38109
> **Account #: 271107**

Dear Mr. Darnell:

This letter is to provide a written response acknowledging receipt of your correspondence dated received on September 26, 2019, requesting information relating to the servicing of the loan identified hereinabove. Please be advised that I represent **Home Opportunity LLC** and the information with respect to the inquiry shall be provided as required by state and federal law.

Pursuant to state and federal law, we are not able to release any information concerning this account. We are not allowed to release information concerning this account without written proof of this authority from the borrower and instructions to provide the same to your office.

Sincerely,

*William A. Fogleman*

**WILLIAM A. FOGLEMAN**
Attorney At Law

WAF/amr

"Bill"
X~6855

10/30 → left voicemail @ 1:44pm